This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41544**

**PORTFOLIO RECOVERY ASSOCIATES, LLC,**

     Plaintiff-Appellee,

v.

**MATT CHANNON,**

     Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Benjamin Chavez, District Court Judge**

Rausch Sturm LLP
Megan K. Hale
Dallas, TX

for Appellee

Matt Channon
Albuquerque, NM

Pro Se Appellant

### MEMORANDUM OPINION

**ATTREP, Judge.**

**{1}** Defendant appeals the district court's judgment adopting the arbitration award. In our notice of proposed summary disposition, we proposed to affirm. Defendant has filed a memorandum in opposition, which we have duly considered. As we are not persuaded by Defendant's arguments, we affirm.

**{2}** In our notice of proposed summary disposition, we proposed to hold that there was no error in the following: the timing of the district court's review of Defendant's motion to recuse [CN 1-4]; the absence of an arbitration hearing following Defendant's

lack of participation during earlier discussions and a failure to appear at a prearbitration conference [CN 4-6]; or the district court's weighing and interpretation of Defendant's evidence in support of the court-appointed arbitrator's purported bias against Defendant [CN 6-7].

{3}    In his memorandum in opposition, Defendant continues to challenge these purported errors by the district court based upon the same facts stated in the docketing statement and referenced in our calendar notice. The memorandum does not, however, attempt to provide any new facts or authorities that might persuade us that our proposed summary disposition was in error. Nor does Defendant's memorandum in opposition point out any factual or legal error in our notice of proposed disposition. "Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law." *Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683. When responding to a calendar notice, it is the party's responsibility to "specifically point out errors of law and fact" contained in the notice, and merely repeating earlier arguments does not fulfill that requirement. *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003, *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. Defendant has not met that burden in this appeal.

{4}    To the extent that Defendant appears to ask this Court to make certain factual findings regarding his failure to attend the prearbitration hearing [MIO 2-3] or to reweigh Defendant's evidence regarding the arbitrator's purported bias against him [MIO 3-4], we again remind Defendant that case law mandates otherwise. *See Clark v. Clark*, 2014-NMCA-030, ¶ 26, 320 P.3d 991 ("We will not reweigh the evidence nor substitute our judgment for that of the fact[-]finder." (alteration, internal quotation marks, and citation omitted)); *see also Skeen v. Boyles*, 2009-NMCA-080, ¶ 37, 146 N.M. 627, 213 P.3d 531 (stating that, when the district court hears conflicting evidence, "we defer to its determinations of ultimate fact, given that we lack opportunity to observe demeanor, and we cannot weigh the credibility of live witnesses").

{5}    Thus, for the reasons stated here and in our notice of proposed summary disposition, we affirm the district court's judgment adopting the arbitration award.

{6}    **IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Chief Judge**

**SHAMMARA H. HENDERSON, Judge**